I'll take up the next case in the matter of Roger S. May it please the court, counsel, my name is Barbara Gobin and I represent the respondent Roger S. in this appeal of the involuntary medication order. With this appeal there's three issues. The two substantive is whether the state complied with the full proof of the issue of capacity to make a reasoned decision about the medication. The state has confessed error on this issue so I'm not going to address that one here because of the limited time. The second substantive issue is whether the trial court applied the correct criteria or definitions with regarding suffering and deterioration of ability of function which are two of the three criteria for involuntary medication petition. And the key issue here though is whether this appeal is under exception to the mootness doctrine. That's the key issue that the state raises in the response so I'm going to focus on that. With regarding to mootness as you well know there's all mental health orders expire in 90 or 180 days. So there's three exceptions to the mootness doctrine, capable of repetition, collateral consequences and the public interest exception. The big Illinois Supreme Court case that addresses mootness was Alfred H.H. and it stated that most mental health cases will be reviewed under exception to the mootness doctrine. So the first one I'm going to address is the First if the merits of a short duration which this was expired in 90 days. The second issue is whether there's a reasonable expectation that the individual will face the same conduct in the future. So that you look, courts look at two different parts on that. The history of the person and second part whether the issues presented are capable to be repeated. So first with regarding the history is my client had basically in a three year period six involuntary medication petitions. So the issue you know with regards that he would present with regarding capacity and with regarding suffering and threatening and deterioration ability of function the criteria he would face again. Furthermore he had basically fixed delusions. So even though hopefully he won't encounter this again it's more likelihood or not that he will encounter involuntary medication petition in the future. And he's also had extensive mental health history over a 16 year mental health history. Now the state's position is that you would have to have identical facts. I think that's too narrow that would be the criteria. So and then the second part is then whether these issues are capable of being repeated. First with regards to the proof that the client had the material for the issue of capacity. That's a statutory issue so that can be repeated. The other one is really it's a mixed question of law and fact whether the court applied the correct definitions of suffering and deterioration of ability of function whether they constitutionally applied it. So basically Alfred H. H. said that a reasonable expectation doesn't apply if it's a pure fact issue. But it didn't address issues of mixed questions of law and fact. And it also clearly stated that statutory issues fall under this exception. So and in our brief we raised the issues of how current the behavior has to be which is there is an element of current in the statute. Also the statute does not define suffering and deterioration of ability of function. And since I did the appeal there was Deborah Breed that did address this. But I think here Deborah Breed did not address the issue of currentness and I'll address that. So there is a question of statutory construction issue. It's not just a pure sufficiency of evidence issue here. The second issue exception to mootness that we're asking for is collateral consequences. Now there was a substantive and the Supreme Court in Rita P. said there's no automatic exception for the first time involuntary medication or mental health order. But here but you still have to look at a case by case process. Here he had no previous involuntary medication petition. The one that was pending 513 was vacated by this court. So he had five previous ones that were either denied at trial court or overturned on appellate level. I had a recollection that you both parties were unaware of the court's ruling until after the briefing. And I looked at the timing and it appears that that case came out two days after the five. Is that correct? Yeah the 513 yes. Yes it did. And I asked whether I had to do formal judicial notice and they said that you would notice your own opinion on that. So I remember that case. Okay so and basically this is an interesting case too because this petition referenced the 513 petition because they said a court order was entered against him for medication. So it's not just speculative that the medication orders would have a future impact. It was a previous one actually did have an impact in this case because the petition referenced the prior order the 513. This petition referenced the other one? Yeah. So and basically um the state does have some creative arguments on this but I would be real reluctant to accept the state's position because it would mean that really if you any they're arguing well he had a history of taking medication so that could so that shouldn't bar someone from appealing an involuntary medication order or it would effectively mean that someone who's forensically involuntary admitted could not appeal an involuntary medication order. So but I think this to be honest because he's had no previous involuntary medication petitions they actually referred it to this one so there was collateral consequences of at least the previous order and also because the issues are statutory or a mixed question law in fact and not just both exceptions to mootness. If you find that is this does not qualify under a mootness exception there is federal law that the Illinois Supreme Court embraced in some cases that they vacated judgment when it becomes moot on the interest of equity. I think it would be unfair for a person who has been involuntary treated without the state fully complying to have this on his record without the ability to appeal. I raised that in my reply because they basically confessed error but said it was moot. So on the substantive issue basically the case is very I think that key part of this is what current behavior counts toward this this is a catch-22 he was given medic you know three months before there was the first well fourth med petition he was given the meds the much better now does that only does the behavior in the past count or does the court have to look at the current behavior and basically the doctor in her testimony really did not say much she testified that his health was not at risk at this time that and also that his suffering was much less at this time and it doesn't really rise to the Debra V level of emotional distress. So you know the thing is is it would be good if the you know court can always continue to order medication but that doesn't catch 22 because then you always do from the first one and then the petitioner never has the opportunity to look at the current state and that's why the statute and the case law says that every first initial every three months remove review and then six and basically the doctor failed to testify how current his behavior satisfies the criteria in this trial court used really a wrong standard by not looking at his current behavior thank you. May I please the court counsel uh Jennifer Camden on behalf of the people in this case the state is arguing that the respondent did not meet his burden of clearly proving the collateral consequences and uh the uh capable of repetition exceptions to the mootness doctrine and the state's asking this court to dismiss the appeal as moot like to address the collateral. Yes your honor I believe so um the uh the state in the uh pages seven and eight and c of uh the case number 513 0585 rendered uh the respondent's argument regarding collateral consequences speculative and contingent that's no longer the case given uh that this court did uh issue an opinion in or in a rule 23 order in that case however the respondent still has not proven that the collateral consequences exception applies and that's because under the Rita P case the Illinois Supreme Court case from 2014 the court stated that application of that collateral consequences exception cannot rest upon the lone fact that no prior involuntary admission or treatment order was entered or upon a vague and unsupportive statement that collateral consequences might plague the respondent in the future and further that collateral consequences must be identified that could stem solely from present adjudication now as a preliminary matter I'd like to note that the state does not agree with the respondent that uh no involuntary uh no prior involuntary medication order has been entered and has been sustained against him what the respondent has proven or has attached uh into the briefs are a couple of orders in which uh prior involuntary medication petitions were denied so the respondent has submitted proof that some were denied but that's not proof that there was never any prior involuntary medication order entered as the respondent uh notes in uh his in his briefs the respondent did have a lengthy mental health history I believe nine prior hospitalizations and um and there's a record of some psychotropic medication taken in the 90s it's not stated in the record whether that was voluntary or involuntary so the state's not conceding that the respondent has clearly proven that no in prior order was ever entered but under read a p that actually wouldn't even matter because um the respondent hasn't uh made it clear showing that there exists some collateral consequence that could stem solely from the present adjudication the respondent is only offering a vague prediction that unnamed consequences could attach if the order stands now in the reply brief at pages six and seven and uh here today the respondent notes that the uh that the issuance of a prior order the one at issue in uh in 513-0585 was as the respondent argues used against him in that the petition for involuntary medication that led to the order on appeal here today um mentioned the start of court-ordered psychiatric medications in November 2013 and that was again as a result of prior order however that's not a the reference to uh the start of court-ordered psychiatric medications is not in that petition is not a collateral consequence uh was not a collateral consequence of that prior order the direct consequence of that prior order was that he took those medications and the January 2014 petition for involuntary administration of medication which led to the order at issue here um details the respondent's deterioration of ability to function and suffering and in the course of detailing those symptoms and behaviors the petition noted that although the respondent had been refusing food and drink quote since the start of court-ordered psychotropic medications on 11-26-13 he has been eating and drinking adequately that's what the respondent is referring to here what that shows is that the petition was not referring to the entry of an order as a reason to enter a new order the petition was referring to the effect of court-ordered medications on his symptoms i mean the effect of those prior ordered drugs is part of respondents medical history and it's always going to be but that doesn't mean that the fact of the entry of that order led to collateral consequences for the respondent that are capable of redress and the point of the respondent's uh claim that that prior order was used against him is because the respondent is ordering is arguing that the order currently on appeal could be used against him in a future mental health proceeding but the respondent cites no case in which a reviewing court held that the collateral consequences exception is or could be satisfied based on speculation that the order at issue could affect future mental health proceedings and what i want to say is that the collateral consequences involve matters other than mental health matters such as for instance the driving privileges at from the first district in 2015 and that's a post read a p case in that case the appellate court held that the respondent proved the collateral consequences exception applied where the respondent had been employed as a substitute mail carrier and proved that the mental health order jeopardized for driving privileges and thus her ability to seek employment further in the wake of read a p collateral consequences must be specifically proven to threaten the particular respondent under the madison case cited in the people's brief and that's a first district case from 2014 again post read a p and in that case the appellate court rejected a claim that the collateral consequences exception applied because a mental health order could affect the availability of a foid card or professional licensure and the reason that the appellate court rejected that professional license and it's so acceptance of her of that argument would have been tantamount to ruling that such orders would always have collateral consequences and would never be moved and that goes actually to the respondents uh note uh today that uh that alfred hh or her argument today that alfred hh uh stated that most mental health appeals would be will be reviewed alfred hh actually also rejected a general exception or proposed general exception for mental health cases and stated that there is no per se exception to mootness that universally applies to mental health cases um so for these reasons the state is arguing that the respondent did not need a burden of proving the application of the collateral consequences exception with respect to the capable of repetition exception uh the state will stand on its uh brief uh as to the uh the history uh the the respondent's history issue um that's laid out pretty well i think in the in the state's brief and move on to the uh to the second requirement of the capable of repetition exception uh which requires that the uh respondent clearly prove that the present action and a potential future action would have a substantial enough relation that resolution of the issue in the respondent now the respondent has two arguments uh substantively the first involving statutory compliance with the requirement of written notice of non-medicinal forms of treatment the respondent is arguing that that's a statutory compliance issue that's not the same as a statutory interpretation issue um second the respondent is arguing that uh this case involves the definition of the suffering and deterioration of ability to function criteria uh required for a finding of involuntary medication um this case involves the sufficiency of the state's evidence of those uh of those criteria and alfred hh held that that sufficiency of the evidence cases don't fall under that exception now i suppose one could one could argue that the that this case involves the sufficiency of the evidence to meet these criteria and if a respondent is arguing exactly what those criteria require then in that respect the respondents arguing that it's a mixed question of law and fact but it's his position that regardless of whether this court defines the issue as a issue of sufficiency of the evidence or an issue of law um the respondent could not meet his burden of proving that any potential future action would have a substantial enough relation to the present case that the resolution of the present issue or issues could affect a respondent and that's because uh the court's findings in this case the ones at issue here were based on evidence presented uh regarding uh the respondents state as of february 2014 that's three and three quarters years ago um so the resolution of whether this evidence of respondents condition that long ago met the statutory standard for deterioration and suffering whatever it might be would not could not aid respondent in any possible future litigation because any because such litigation would necessarily be fact intensive based on the condition of respondent at the time uh and so for that reason the state's arguing that the respondent has not met his burden to prove the application of that issue and one final note is that the state would note in response to the respondents argument at the pages 12 and 13 of the respondent asked this court to go ahead and consider the merits of the case even if uh he hasn't proven the application of either mootness exception the state would note only that there is no fourth mootness exception uh based on merits and uh that for that reason this court should uh should dismiss the appeals moot thank you careful reply uh hopefully we'll be brief um the issue of um i think the critical part is the capable of repetition and yet evading review the definitions of suffering and deterioration of ability of for deborah b there was no very little case law on what constitutes suffering so it was actually a area of law that needed and the code did not define these terms they don't define suffering or deterioration ability of function so it's an issue of statutory interpretation what constitutes it it was deborah b said it was like suffering from symptoms of mental illness instead of physical pain and what and i think it actually we probably need a little bit more precedent of what constitutes the physical pain or what constitutes suffering um and so if he faces an involuntary medication petition in the future one of the criteria is going to be suffering and deterioration of ability to function it doesn't have to be the exact facts it's actually the definition of what those terms are i know i'm being very nuanced and trying to split the baby here but but it is key it is actually helpful it was helpful in other um other cases on this issue so it's not just a pure alfred hh did not like request an interpretation of what threatening behavior it was a mission case what those criteria were here we raised the issue of what constitutes currentness and what constitutes suffering that suffering can't just be um suffering from the mental illness and that's um those are the two issues on on that point there i know i'm trying to split the baby here but that i think that's critical here um and that um you almost no one can do appeal if you have to have identical facts and this is not a fact a pure fact question it's an issue of the statutory interpretation on this and then um basically um with regarding to read a p actually it reviewed under the public interest exception didn't do analysis of her situation with regarding um the collateral consequences so i just want to make that clear on that point um and um so um for those reasons and for those reasons on stated in my briefs we would respectfully request that this court um reverse the work